## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JANITTA SHROPSHIRE,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:23-CV-00648-RP-SH** |
| **EQUIFAX INFORMATION** | § | |
| **SERVICES, LLC,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court are Plaintiff's Complaint and Demand for Jury Trial (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Application for Permission to File Electronically (Dkt. 3), all filed June 8, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

### I.   *In Forma Pauperis* Status

Under §1915(a), the Court first looks to the plaintiff's financial status to determine whether she cannot pay the filing fee. *Mitchell v. Sheriff Dep't.*, 995 F.2d 60, 62 n.1 (5th Cir. 1993). A plaintiff need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Supreme Court has stated that "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.* To determine whether a particular order causes "undue financial hardship," a court must examine the financial

1

condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Although she does not identify her employer, Plaintiff states in her Application that she earns $2,200 on a biweekly basis and her take-home pay is $1,750. Dkt. 2 at 1. Plaintiff also states that she is solely responsible for three dependents and her regular monthly expenses total $3,913, most for rent and daycare expenses. *Id.* at 2. Plaintiff represents that she has $225 in savings and owes an unspecified amount in student and car loans. *Id.* Based on these representations, the Court finds that Plaintiff cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court hereby **GRANTS** Plaintiff's Application for *in forma pauperis* status.

This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A.  Standard of Review

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with

2

any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's *pro se* status does not offer her an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## B.  Analysis

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "The Act defines a complex set of rights and obligations that attend the relationships among and between the provider of a credit report, the user of that information and the consumer who is made the subject of such a report." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

Section 1681e(b) of the FCRA provides that a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information" when preparing a consumer report. If a consumer disputes the completeness or accuracy of any item in her file, a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or

delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Claims brought under 1681e(b) and 1681i(a) require "the existence of an inaccuracy in the credit report." *Drummond v. Equifax Info. Servs., LLC*, No. 5:20-CV-1362-DAE, 2021 WL 8055631, at *4 (W.D. Tex. July 14, 2021) (collecting cases). A credit entry is "inaccurate" within the meaning of the FCRA if "it is patently incorrect" or "is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado*, 158 F.3d at 895.

Plaintiff alleges that she sent a letter to Defendant Equifax Information Services, LLC ("Equifax") on April 27, 2023, disputing the "completeness and accuracy" of several tradelines in her credit report. Dkt. 1 (Complaint) ¶ 6. Plaintiff claims that Equifax "failed to follow reasonable procedures to assure maximum accuracy of the date in consumer reports concerning Plaintiff, and investigate, delete, [or] modify the disputed information, and provide a response to Plaintiff within 30 days of receipt of Plaintiff's disputes." *Id.*

Although Plaintiff disputes the "completeness and accuracy" of her credit report, she does not specify in her Complaint the nature of the inaccuracy beyond stating that Equifax failed to ensure the accuracy of a date in the report. *Id.* Without additional factual allegations, the Court cannot determine whether this constitutes an inaccuracy under the FCRA.

For these reasons, the Court **ORDERS** Plaintiff to file a More Definite Statement by **July 31, 2023**, providing additional factual allegations about the alleged inaccuracies in her credit report. If Plaintiff fails to respond fully by the deadline, the Court will recommend dismissing the case for failure to prosecute.

### III.   Application for Permission to File Electronically

Plaintiff also asks the Court to approve her request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS**

Plaintiff's Application for Permission to File Electronically (Dkt. 3) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If she has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

    **SIGNED** on July 13, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE